UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALLEN JASON HALL, | ) |
|     *Petitioner*, | ) Case No. 3:17-cv-45 |
| v. | ) Judge Travis R. McDonough |
| STATE OF TENNESSEE, | ) Magistrate Judge H. Bruce Guyton |
|     *Respondent*. | ) |

**MEMORANDUM OPINION**

This action is a *pro se* prisoner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On June 25, 2018, the United States Postal Service returned the Court's mail to Petitioner to the Court with a notation indicating that it was undeliverable. (Doc. 12.) Accordingly, on July 5, 2018, the Court entered an order providing that Petitioner had fifteen days to show good cause as to why this matter should not be dismissed for failure to prosecute. (Doc. 13.) More than five months have passed since entry of the show-cause order, and Petitioner has not complied with this order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this matter will be **DISMISSED** due to Petitioner's failure to prosecute and failure to comply with the Court's orders.

Rule 41(b) of the Federal Rule of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness or fault. Specifically, it appears that Petitioner failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires, as Petitioner is now on probation. (Doc. 13, at 1.)

As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent.

As to the third factor, the Court warned Petitioner that the Court would dismiss the case if Petitioner did not timely comply with the Court's previous order. (*Id.*)

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner was a prisoner proceeding *in forma pauperis* in this action, (Doc. 6), and Petitioner has not pursued this action since he filed a response to an order (Doc. 4) more than one and a half years ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Petitioner's action pursuant to Rule 41(b). *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue when a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action and did not comply with a Court order, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**